In the Interest of Victor
G. LANE, Petitioner,

v.

Cynthia B. LANE, Respondent.

No. CS94–4276.

Family Court of Delaware,
Sussex County.

Submitted: Sept. 20, 1994.
Decided: Sept. 28, 1994.

William B. Wilgus, Millsboro, and Maureen Peltier, Houston, Texas, for petitioner.

Edith Hull–Johnson, of Georgetown, for respondent.

## *OPINION*

MILLMAN, Judge.

Victor G. Lane ("father") seeks to [1] register and have enforced a Texas order granting him temporary custody of Victor A. Lane and George J. Lane, children born of the marriage of father and Cynthia B. Lane ("mother"). Mother opposes registration of the Texas order on jurisdictional grounds.

### FACTS

Mother and father are native Delawareans. After marrying in January of 1980, the parties moved to Texas. Both children were born in Texas, Vincent on August 8, 1980, and Gerald on July 12, 1983. The parties resided in Texas until April, 1993, when they moved to Florida. In September, 1993, the family returned to Delaware for financial reasons and resided in a house owned by wife's family. In March, 1994, it was decided that the parties would return to Texas. Father left in March, but mother remained in Delaware with the children in order to permit the boys to finish the 1993–94 school year. By mid-June, 1994, school had been completed, mother had resigned from her Delaware employment, the residence in which the family stayed had been sold, and mother and the boys had returned to Texas.

Upon father's return to Houston, Texas, he resided with his sister while he attempted to locate housing for the family. When mother arrived in Texas, she leased an apartment where she resided with the boys when they were not with their father.

In May, 1994, the parties' marriage began to deteriorate and while mother was in Texas from mid-June until July 29, 1994, mother and father did not reside together. Shortly after mother and the boys arrived in Texas, it was decided that the boys would return to Delaware for a visit. This time without the boys would afford mother an opportunity to get settled in her new employment. Round trip tickets were purchased for the boys and they left on July 16, 1994, with a return date of August 9, 1994. Subsequent to the boys return to Delaware, mother decided to return to Delaware as well. Mother also changed the boys' plans at this time and they did not return to Texas after their departure in July.

Mother left Texas on July 16, 1994, without father's knowledge. On July 29, 1994, father filed the present Texas action and on August 9, 1994, mother was served with notice of the Texas suit. A jurisdictional hearing was held in Texas on August 23, 1994, at which mother and counsel appeared. At the conclusion of the hearing, the Texas court held that Texas did have subject matter jurisdiction to determine the custody issue and with mother's consent, set the matter down for a custody hearing on the following day. Mother did not attend the custody hearing on August 24, 1994. After considering father's evidence on the issue of custody, the Texas court entered an order granting temporary custody of the children to father pending a full hearing. It is this order of temporary custody father now seeks to register and enforce.

### REGISTRATION

In an effort to reduce the growing jurisdictional conflicts that are the result of a mobile society, the Commissioners of the Uniform Statutes Commission in 1968 adopted what is known as the Uniform Child Custody Juris-

---

**1.** Pursuant to Supreme Court Rule 7(d), this Court has used pseudonyms in this case to pro-  tect the identities of the parties.

diction Act ("UCCJA"). The laudatory purposes of the Act are to:

(1) avoid jurisdictional competition and conflict with courts of other states in matters of child custody that have in the past resulted in the shifting of children from state to state with harmful effects on their well-being;

(2) promote cooperation with the courts of other states to the end that a custody decree is rendered in the state that can best decide the case in the interest of the child;

(3) assure that litigation concerning the custody of a child takes place ordinarily in the state with which the child and his family have the closest connection and where significant evidence concerning his care, protection, training, and personal relationships is most readily available, and that courts of this state decline the exercises of jurisdiction when the child and his family have a closer connection with another state;

(4) discourage continuing controversies over child custody in the interest of greater stability of home environment and of secure family relationships for the child;

(5) deter abductions and other unilateral removals of children undertaken to obtain custody awards;

(6) avoid relitigation of custody decisions of other states in this state insofar as feasible;

(7) facilitate the enforcement of custody decrees of other states;

(8) promote and expand the exchange of information and other forms of mutual assistance between the courts of this state and those of other states concerned with the same child; and

(9) make uniform the law of those states that enact it.

Delaware adopted this Act on April 19, 1976. 13 *Del.C.* § 1901 *et seq.* Texas

adopted the Act in 1983. Tex.Fam.Code Ann. § 11.51 *et seq.* Section 1913 requires this state to recognize and enforce a decree of a court of another state which has assumed jurisdiction under provisions substantially in accordance with the UCCJA.[2] The extent to which a Court should inquire into the validity of the foreign decree sought to be registered and enforced has not before been addressed by a court of this State. Neither party has supplied the Court with Delaware authority on this point nor has the Court's own research found any Delaware authority. Father contends that the review of the foreign court's proceedings should only be *pro forma* in nature and that no detailed review is warranted or authorized by the statute. Mother contends, however, this Court must review the Texas order to determine if the Texas court has met the statutory mandate of § 1913 to this Court's satisfaction.

In *Walt v. Walt*, Fla.App. 1 Dist., 574 So.2d 205 (1991), the Court was called upon to determine if a Mississippi order of custody should be recognized and enforced in Florida. After considering the arguments in that case, the Court concluded that "subject matter jurisdiction, always essential to the validity of a court's action, can be challenged at any time...." *Id.* at 215. The court further held that, "[I]t is appropriate for the Florida court to look behind the Mississippi judgment and determine whether the Mississippi court exercised jurisdiction in strict accordance with the requirements of the UCCJA." *Id.* at 216.

■ I find the holding of the *Walt* case persuasive. Section 1913 of our Act tracks the language of the Florida statute. I am satisfied that like the *Walt* court, this Court has an affirmative obligation to determine that the Texas Court assumed jurisdiction under statutory provisions substantially in compliance with the UCCJA, or that the

---

2. **13 *Del.C.* § 1913. Recognition of out-of-state custody decrees.**

The courts of this State shall recognize and enforce an initial or modification decree of a court of another state which had assumed jurisdiction under statutory provisions substantially in accordance with the Uniform Child Custody Jurisdiction Act, or which was made under factual circumstances meeting the jurisdictional standards of the Uniform Act, so long as this decree has not been modified in accordance with jurisdictional standards substantially similar to those of this chapter. *See also* Tex.Fam.Code Ann., § 11.65.

Texas court made its determination under factual circumstances which meet the jurisdictional standards of the UCCJA. Accordingly, this Court will conduct an inquiry of the facts of this case to determine if Texas assumed jurisdiction in compliance with the UCCJA.

## SIGNIFICANT CONNECTION AND SUBSTANTIAL EVIDENCE

It is stipulated by the parties that neither state qualifies as the children's home state under the facts presented. While the Texas order does not explicitly state the ground which forms the basis of its order, its language does suggest jurisdiction was assumed under Tex.Fam.Code Ann. § 11.53(a)(2), which is similar to the corresponding Delaware statute § 1903(2).[3]

■ Section 1903 requires the Court to undertake a two-prong analysis to determine if Texas properly assumed jurisdiction. First, the Court must determine if the children and at least one party have a significant connection with Texas. Mother contends that any connection the children may have had with Texas is now stale due to the lapse of time since the children have resided there. Moreover, mother argues that since there is no home state for the children, their connection with Delaware is much more significant. Thus, registration of the Texas order should be denied.[4]

The facts regarding the children's contact with Texas are undisputed. From early 1980 to March, 1993, the parties and children lived in Texas. The children were born and raised in Texas. If the children were now in Texas, they would be residing in the same school district in which they lived prior to moving to

Florida in March, 1993. The children's old friends are located there. Father's sister and children are in Texas. Also, of importance in the analysis of the children's connection to Texas is the fact that they have returned to the area of Texas in which they had lived their entire life. I am satisfied that the children and father have significant connections to Texas. I am equally satisfied that the Texas Court properly considered this requirement of the UCCJA as evident on page one of the Texas order dated August 24, 1994.

■ Having determined that the children and father meet the significant connection prong of this analysis, the Court now must examine the second prong. The Court must determine if substantial evidence concerning the children's present and future care, protection, training and personal relationships are available in Texas. A review of the record clearly indicates such evidence is available in Texas. The children's childhood friends, and past and present school teachers, most of their medical records, and some family members are all available to the Texas Court. This Court is satisfied that the Texas Court properly concluded that substantial evidence was available in that jurisdiction based on its opinion and the transcript from the hearing which shows the above evidence was considered.

In following the clear purposes of the UCCJA, namely to "[a]void jurisdictional competition and conflicts with courts and other states ... which have in the past resulted in ... harmful effects on the well being of such children", the Texas order shall be accorded full faith and credit. 13 *Del.C.* § 1901(a)(1).

---

3. **13 *Del.C.* § 1903. Jurisdiction.**

A court of this State which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:

(2) It is in the best interests of the child that a court of this State assume jurisdiction because:
    a. The child and his parents, or the child and at least 1 contestant, have a significant connection with this State; and
    b. There is available in this State substantial evidence concerning the child's present or

future care, protection, training and personal relationships.

4. On August 12, 1994, mother filed a petition for divorce against father in this Court. As one of the prayers for relief, mother has requested custody of the children. However, the affidavit as required by 13 *Del.C.* § 1909 and Civil Rule 101(f) has not been filed. *See Walt v. Walt*, Fla.App. 1 Dist., 574 So.2d 205 at 211–214 (1991). The Court is not required to determine at this point whether the failure to file the required affidavit is a jurisdictional or procedural defect.

Based on the foregoing record, I am satisfied that Texas has assumed jurisdiction of this case under the statutory requirements of § 11.53 of the Tex.Fam.Code Ann. and 13 *Del.C.* § 1913.

### CONCLUSION

Having determined that father's Texas order granting him temporary custody of the parties' children should be registered, recognized and enforced as an order of this Court, mother is hereby directed to return the children to Texas without undue delay for all further proceedings thereon.